IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Nicholas Polletta, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | No. 16-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook County, | ) | *(jury demand)* |
| and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff Nicholas Polletta, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Nicholas Polletta has been an inmate at the Cook County Jail since April 13, 2015.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a

necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Cook County also controls the funding for the construction and modification of the Jail and the courthouses in Cook County.

6. Defendants Sheriff and Cook County have received federal funds since at least 2011.

7. Plaintiff shattered his right heel at the Cook County Jail in May 2015. As a result of this injury plaintiff is substantially limited in the major life activity of moving from place to place.

8. From May 2015 to April 2016 plaintiff relied on a wheelchair to move from place to place. Beginning in April 2016 and continuing to the present plaintiff relies on a walker to move short distances and a wheelchair to travel long distances, including his regular court appearances at Maywood.

9. Following plaintiff's injury in May of 2015, defendants realized that plaintiff required a wheelchair to engage in the everyday life activity of moving from place to place and that plaintiff must be assigned to a housing unit capable of accommodating his disability.

10. Defendants provided plaintiff with a wheelchair but failed to regularly assign plaintiff to a housing unit capable of accommodating his disabilities.

11. At all times relevant, the Cook County Jail has not had a sufficient number of ADA accessible housing units to house each qualified individual at the jail with a disability.

12. Rather than take any corrective action about the insufficient number of ADA accessible housing units at the Jail, defendant Sheriff has turned a blind eye to the resulting widespread violations of federal law.

13. As a result of the Sheriff's above described deliberate indifference, a correctional officer, to whom the Sheriff has delegated the final authority to make housing assignments, assigned plaintiff to various inaccessible housing units primarily in the Jail's Residential Treatment Unit.

14. Plaintiff is one of the many disabled detainees who was assigned to an inaccessible housing unit because of the Sheriff's decision to accept custody of more disabled detainees than can be housed in the existing accessible units.

15. As a result of foregoing, plaintiff has been unable to use the jail's toilets and common area facilities on the same basis as other detainees and suffered physical injuries, including at least one fall on August 6, 2015.

16. In addition to being confined to inaccessible housing units, plaintiff has been discriminated against because of his disability each time he attends court at Maywood because he is not provided with a toilet and sink that complies with the ADAs strict structural standards.

17. At all relevant times, defendants have been aware that plaintiff, as a wheelchair user, is deprived access to toilet and sink facilities accessible for a wheelchair user each time he attended court.

18. Moreover, when plaintiff is removed from the lower level holding cell in Maywood to attend court, he is routinely handcuffed to his wheelchair causing plaintiff to be without any way to move. Plaintiff remains in this condition, oftentimes for hours, while abled body inmates are not restrained and are provided access to a holding pen.

19. At all times relevant, defendant Sheriff of Cook County has been aware that detainees in his custody at the Cook County Jail are discriminated against because of their disability when leaving the Jail to attend court.

20. Despite numerous grievances submitted to defendants concerning the above described wronging, defendants have failed to remedy the widespread and ongoing ADA violations.

21. At all times relevant, defendants have turned a blind eye to the above described discrimination.

22. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*