**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS POLLETTA | ) | |
| | ) | |
| Plaintiffs, | ) | 16 C 9492 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Milton I. Shadur |
| SHERIFF OF COOK COUNTY AND | ) | |
| COOK COUNTY, ILLINOIS, | ) | ***Jury Trial Demanded*** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COOK COUNTY SHERIFF'S MOTION TO QUASH THE NOTICE OF DEPOSITION TO DANIEL KORSO AND FOR A PROTECTIVE ORDER LIMITNIG SCOPE OF SAID DEPOSITION**

Defendant, SHERIFF OF COOK COUNTY, by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through Nicholas E. Cummings, Assistant State's Attorney, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, moves this Honorable Court to quash the notices of depositions of Daniel Korso, Deputy Chief of Staff to the Cook County Sheriff; Matthew Burke, Chief of Staff to the Cook County Sheriff; and Cara Smith, Chief Policy Officer for the Office of the Cook County Sheriff or in the alternative, enter a protective order limiting the scope of said deposition in this matter.

Counsel for the Plaintiff and the Sheriff have discussed both the necessity and scope of the depositions of executive staff members of the Cook County Sheriff, but have been unable to resolve their differences. Therefore, in accordance with Local Rule 37.2, Defendants bring said motion and in support thereof, Defendants state as follows:

**ARGUMENT**

The notices of depositions for Daniel Korso; Matthew Burke; Theresa Olson; and Cara

1

Smith should be quashed and a protective order either barring, or limiting the scope of their respective depositions should issue because Plaintiff is unable to demonstrate that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source, and (2) the deposition would not significantly interfere the with ability of the official to perform his governmental duties. *Marisol A. v. Guiliani,* 1998 U.S. Dist. LEXIS 3719, \*6-7 (S.D.N.Y. 1998) (emphasis added). Moreover, Plaintiff is required to show a "real need" for a high-ranking government official's testimony before he or she is taken away from work to spend time answering a lawyer's questions. *See Olivieri v. Rodriguez,* 122 F.3d 406, 409 (7th Cir. 1997). Plaintiff is unable to show that the information they are seeking is not available from depositions of other persons, or that it cannot be obtained through interrogatories or other discovery devices.

I. **DANIEL KORSO, MATTHEW BURKE AND CARA SMITH ARE ENTITLED TO THE ENTRY OF A PROTECTIVE ORDER LIMITING THE SCOPE OF THEIR DEPOSITIONS TO THEIR PERSONAL KONWLEDGE OF PLAINTIFF'S CLAIMS IN THIS LAWSUIT.**

As is apparent on the face of the notice for deposition, Plaintiff is seeking testimony from the Daniel Korso and Matthew Burke, respectively the Deputy Chief of Staff and Chief of Staff for the Office of the Cook County Sheriff. (Exhibit 1, Plaintiff's Notice of Deposition). Plaintiff must show a "real need" for a high-ranking government official's testimony before he is taken away from his work to spend time answering a lawyer's questions. *See Olivieri,* 122 F. 3d at 409. In the instant case, Plaintiff seeks to depose Daniel Korso and Matthew Burke to inquire about their personal knowledge regarding any matters contained in Plaintiff's Complaint. Daniel Korso's knowledge is limited to a single interaction with Plaintiff, when Korso spoke with Plaintiff directly in response to of one of Plaintiff's grievances, attached hereto as Exhibit 2. Per

the attached grievance, Mr. Korso spoke to Plaintiff, in person, about the issues raised by Plaintiff in the attached grievance, while Ms. Olson drafted CCDOC's formal response.

Undersigned counsel has attempted to reach an agreement with Plaintiff's counsel to limit the scope of the above depositions to the witnesses' personal knowledge of the attached grievance filed by Plaintiff, but such attempts were unsuccessful. Specifically, Plaintiff's counsel, who is actively litigating several similar cases in this district, represented that he intends to ask questions beyond the scope of the witnesses' personal knowledge of Plaintiff's grievance. As is Plaintiff's counsel's practice, Plaintiff's counsel will seek to elicit testimony about other cases pending in this district; and about CCDOC policies that fall outside of the scope of the witness's day-to-day responsibilities at the Cook County Sheriff's Office to make the argument that the Office of the Sheriff fails or has failed to adopt policies or procedures to address the allegations in the operative complaint.

Daniel Korso is currently the Deputy Chief of Staff for the Defendant Cook County Sheriff's Office, and none of his day-to-day responsibilities relate to the claims and defenses at issue in this case. Specifically, Mr. Korso's daily responsibilities generally include: addressing labor and employment issues for the Sheriff's Office (i.e., labor union issues; employee discipline; employee transfer requests, etc.); participating in inmate disciplinary proceedings; and analyzing the number, and location of incidents to improve employee safety throughout the Cook County Jail. While this list of duties is not exhaustive, none of Mr. Korso's duties involve addressing matters arising under the Americans with Disabilities Act; or any of the claims in this case. Accordingly, Defendant Cook County Sheriff's Office seeks the entry of a protective order limiting the scope of Mr. Korso's deposition to his personal knowledge of the attached grievance.

For similar reasons, the depositions of Matthew Burke and Cara Smith should be limited as

well. The Office of the Sheriff employs an ADA Compliance Officer, whose main responsibility is addressing the policies and procedures of the Cook County Sheriff and the Sheriff's interaction with disabled persons, including disabled pre-trial detainees. The deposition of the Sheriff's ADA Compliance Officer took place June 5, 2017. While both Burke and Smith are involved with policy formation and implementation at the jail, when it comes to policies regarding the ADA, any testimony they provide would be cumulative, and serve only to harass and increase the cost of litigation.

Through all the depositions previously taken, Plaintiffs cannot show that Daniel Korso, Matthew Burke or Cara Smith can provide any relevant information, much less information that is not available from any other source. Consequently, there is no "real need" for any of them to appear for a deposition. Matthew Burke is the Chief of Staff to Thomas Dart, Sheriff of Cook County; Daniel Korso is his deputy and Cara Smith is the Chief Policy Officer. As high ranking, public officials, they will not add relevant or admissible testimony in the case. It is well-settled that high ranking governmental officials should not be subject to deposition unless the testimony sought will lead to admissible evidence relevant to the disposition of the case. This standard arises out of well-placed concern that busy officials should not be prevented from attending to their official duties by having to spend their time giving depositions in cases arising out of the performance of their official duties *especially* when that information is readily available through another source or via a less intrusive method of discovery. *See, Olivieri,* 122 F.3d at 409-10. In addition, adherence to these principles is necessary to relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiries into the mental processes of agency decision-making. *See, United States v. Morgan,* 313 U.S. 409, 422 (1941).

As such, this Honorable Court should quash the notices of deposition and enter a protective order barring the deposition of Daniel Korso, Matthew Burke and Cara Smith, as Plaintiffs cannot demonstrate why his deposition would be necessary. Further, Plaintiffs have already obtained and can obtain relevant testimony they seek through other discovery methods.

## II. DEPOSING DANIEL KORSO, MATTHEW BURKE AND CARA SMITH IS UNDULY BURDENSOME.

This Court should preclude Plaintiffs from deposing Daniel Korso, Matthew Burke, and Cara Smith pursuant to Rule 26(c) of the Federal Rules of Civil Procedure because the depositions are unnecessary and unduly burdensome. Rule 26(c) provides, in relevant part, that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including the entry of a protective order precluding certain discovery from taking place. Fed.R.Civ.P.26(c): see also *Olivieri,* 122 F.3d at 409. In *Olivieri*, the court observed that "[P]re-trial discovery is time-consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping right reins on it." *Id*. Moreover, Rule 1 of the Federal Rules states the Federal Rules "should be construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). This court has broad discretion under Rule 26 to quash or supervise discovery that is oppressive or unduly burdensome or unnecessary. *Id.*

There can be no dispute that, as the Chief of Staff to the Sheriff of Cook County, Matthew Burke, his deputy Daniel Korso, and Cara Smith as the Chief Policy Officer, each qualifies as busy and high level government officials. While the Cook County Jail is one of the largest, single site pre-trial facilities in the United States employing more than 3,000 correctional officers, administrators and other line staff, it accounts for only a part of the daily responsibilities of the Sheriff's Office. The

5

Sheriff's Office also includes the Cook County Sheriff's Police Department which is the third largest police department in the State of Illinois, with more than 500 sworn officers and more than 100 civilian personnel among his daily legislative and administrative responsibilities. The demands on Sheriff Tom Dart and his executive staff are extensive. The Sheriff has the duty of serving, executing and returning "all warrants, process, orders and judgments of every description that may be legally directed or delivered to [the Sheriff's office]." *See, e.g.*, 55 ILCS 5/3-6023 (1999). The Sheriff is further required "in person, or by deputy, [to] attend upon all courts held in [the County] when in session, and obey the lawful orders and direction of the court." See, *e.g*.,55 ILCS 5/3-6023 (1999). The Sheriff is also the custodian of courthouses in the County and the custodian of the Jail. *See, e.g*., 55 ILCS 5/3-6017(1999). The Sheriff is solely responsible for operating and maintaining the Cook County Jail. *Id.* Moreover, the Sheriff's staff is responsible for overseeing all operational issues relating to labor management in the Sheriff's office.

In short, the Sheriff's office provides a myriad of services protecting people and property within the County. These services affect the 5.1 million residents of a County that includes the nation's second largest city. In attending to the affairs of the Sheriff's office, Matthew Burke and others on the executive staff qualify as busy and high-level government officials. As such, Matthew Burke should not be required to spend time preparing for and giving depositions in cases where relevant testimony is easily obtained from other sources. In the present matter, the Sheriff's ADA Compliance Officer has already provided testimony relevant to the claims and defenses of this case[1]. Except for Korso's limited interaction with the Plaintiff, Further depositions would be cumulative of

---

1   It should be noted, Plaintiff has yet to issue a notice of deposition pursuant to Rule 30(b)(6); instead, he seeks to increase the cost of litigation by questioning Burke, Korso and Smith under the auspice of matters relevant to the complaint.

the Compliance Officer's testimony, and serve only to increase the cost of litigation and harass Defendant's executive staff.

Because deposing the Sheriff's Chief of Staff will interfere with his ability to run the Cook County Sheriff's Office, it is improper to compel Matthew Burke. See *Cornejo v. Landon*, 524 F. Supp. 118,122 (N.D. Ill. 1981) (stating that this rule is designed to "relieve agency decision makers from the burdensomeness of discovery, to allow them to spend their valuable time on the performance of official functions, and to protect them from inquiry into the mental processes of agency decision making"), *see also Sweeny v. Bond*, 669 F.2d 542, 546 (8th Cir.), *cert. denied*; *Schenberg v. Bond*, 459 U.S. 878 (1982); *United States v. Morgan*, 313 U.S. 409, 422 (1941).

Plaintiffs cannot satisfy their burden and establish that these witnesses will provide any admissible evidence not available from other sources. It is unnecessary to depose them. Plaintiffs are merely trying to use the burden, annoyance, and the potential for embarrassment of a deposition of the Sheriff's executive team rather than making efficient use of available discovery.

### III. IN THE ALTERNATIVE ALLOW WRITTEN INTERROGATORIES.

In the alternative, a less intrusive method of discovery to determine whether Matthew Burke, Dan Korso or Cara Smith have any knowledge should be employed before they are required to sit for a deposition. The method invoked by the District Court pursuant to Fed.R.Civ.P. 26(c)(3) and approved by the Seventh Circuit in *Olivieri,* should be followed in this case. *See also Chicago Reader, Inc. v. Sheahan*, 192 F.R.D. 586 (N.D. Ill. 2000) (Moran, J.) (quashing the notice for the Sheriff's deposition and authorizing the plaintiffs to submit six questions to the Sheriff pursuant to Fed. Rule Civ. P. 31 to be answered by the Sheriff orally, under oath, at his convenience). If the Court is not inclined to bar the deposition outright,

Plaintiffs should be required to issue additional interrogatories to determine whether Brian Towne has any relevant and admissible information. *Id*.

## CONCLUSION

WHEREFORE, for the reasons set forth above in support of Defendants' motion to quash the notices of deposition of Matthew Burke, Daniel Korso, and Cara Smith and motion for a protective order barring said depositions, Defendant respectively requests that this Honorable Court enter an order quashing plaintiffs' notice of deposition for Matthew Burke, Daniel Korso, and Cara Smith and enter a protective order barring said depositions. In the alternative, Defendants request that Plaintiffs be required to issue interrogatories designed to determine whether Matthew Burke, Daniel Korso, and Cara Smith have any relevant and admissible information before he is required to sit for a deposition.

    Respectfully submitted,

    KIMBERLY M. FOXX
    State's Attorney of Cook County

    */s/ Nicholas E. Cummings*
    Nicholas E. Cummings
    Assistant State's Attorney
    Torts/Civil Rights Litigation Section
    500 Richard J. Daley Center
    Chicago, IL 60602
    (312) 603-6638
    nicholas.cummings@cookcountyil.gov